**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KIMBERLY MCFARLAND, :<br>:<br>    Plaintiff, :<br>:<br>v. :<br>:<br>BAC HOME LOANS :<br>SERVICING, LP, f.k.a. :<br>COUNTRYWIDE HOME LOANS :<br>SERVICING, LP, :<br>:<br>    Defendant. | CIVIL ACTION NO.<br>1:11-CV-04061-RWS |

## **ORDER**

This case comes before the Court on the Motion to Dismiss [6] of Defendant Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP, f.k.a. Countrywide Home Loans Servicing, LP ("Bank of America" or "Defendant"). After reviewing the record, the Court enters the following Order.

## **Background**

Plaintiff initiated this action by filing a "Complaint for Declaratory Judgment, and Quieting Title" (the "Complaint") in the Superior Court of Newton County, raising claims arising out of Plaintiff's mortgage transaction

and Defendant's attempt to foreclose on her loan. (Compl., Dkt. [1-1].) Defendant removed the case to this Court on the basis of diversity of citizenship. (Notice of Removal, Dkt. [1] ¶ 5.) Defendant now moves to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (See generally Dkt. [6].) Plaintiff has failed to file a response, and therefore Defendant's motion is deemed unopposed. See LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").[1]

The facts are as follows. On or about November 26, 2007, Plaintiff obtained a loan from Security Atlantic Mortgage, Inc. ("Atlantic") in the amount of $146,491.00 (the "Loan"). (Def.'s Mot. to Dismiss, Ex. B ("Security Deed"), Dkt. [6-2] at 7 of 16.)[2] To secure repayment of the Loan, Plaintiff

---

[1] When a party fails to respond to a Rule 12(b)(6) motion to dismiss, it is within the Court's discretion to grant the motion solely on the basis that it is unopposed. Magluta v. Samples, 162 F.3d 662, 664-65 (11th Cir. 1998). In light of the Court's preference for resolving cases on the merits, however, the Court considers the allegations of the Complaint and reviews Defendant's motion on the merits.

[2] The Court may take judicial notice of public records not attached to the Complaint, including in this case the Security Deed filed in the Superior Court of Newton County, when considering a motion to dismiss. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1990). This does not convert the motion into one for summary judgment. Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without

2

executed a Security Deed (the "Security Deed") conveying the real property located at 225 Avery Drive, Covington, Georgia 30016 (the "Property") to Mortgage Electronic Registration Systems ("MERS") as nominee for Atlantic.[3] (Id.)  The Security Deed was recorded in the real property records of Newton County, Georgia on December 3, 2007.  (Compl., Dkt. [1-1] ¶ 10; Def.'s Mot. to Dismiss, Ex. B (Security Deed), Dkt. [6-2] at 7 of 16.)

Defendant states that MERS, acting on behalf of Atlantic, subsequently assigned and transferred its rights, title, and interest in the Security Deed, the Property, and the indebtedness secured thereby to Defendant, as is evidenced by an Assignment dated August 25, 2009 and recorded on November 3, 2009 in the real property records of Newton County.[4]  (Mem. of Law in Supp. Def.'s Mot. to Dismiss ("Def.'s Mem."), Dkt. [6-1] at 3; Def.'s Mot. to Dismiss, Ex. C

---

converting a motion to dismiss into a motion for summary judgment. . . .  Public records are among the permissible facts that a district court may consider.") (citations omitted).

[3] In the Complaint, Plaintiff alleges that she executed the Security Deed in favor of "Countrywide Home Loans, LP" ("Countrywide").  (Dkt. [1-1] ¶ 10.)  Having reviewed the Security Deed, however, it appears, as Defendant contends, that the Security Deed in fact was executed in favor of MERS rather than Countrywide.

[4] As explained in footnote 2, supra, the Court may take judicial notice of the Assignment for purposes of considering Defendant's Motion to Dismiss.

3

("Assignment"), Dkt. [6-2] at 15 of 16.)  Defendant alleges, and Plaintiff appears to acknowledge (Compl., Dkt. [1-1] ¶ 5), that it is the servicer of Plaintiff's loan.  (Def.'s Mem., Dkt. [6-1] at 4.)  Finally, Defendant states that subsequent to Plaintiff's default on the Loan, non-judicial foreclosure proceedings were initiated.  (Id.; see also Compl., Dkt. [1-1] ¶ 19 ("Plaintiff has received Notice of a Foreclosure Sale dated September 19, 2011 . . . .").)  The foreclosure sale originally was scheduled to take place on November 1, 2011 (Compl., Dkt. [1-1] ¶ 19), but was postponed due to the filing of the instant litigation (Def.'s Mem., Dkt. [6-1] at 4 n.6).

As stated above, Plaintiff initiated this litigation by filing her Complaint in the Superior Court of Newton County on October 20, 2011.[5]  As the title of the Complaint suggests, Plaintiff seeks an order quieting title to real property and declaring void the security deed and promissory note that Plaintiff executed to obtain her loan.  (Compl., Dkt. [1-1] ¶ 1.)  Specifically, Plaintiff makes the following allegations:  First, Plaintiff alleges that Defendant "is not now and has never been the Holder of the Original Mortgage Note and does not have an

---

[5] It also appears that on October 25, 2011, Plaintiff recorded a "Notice of Lis Pendens" in the Newton County real property records.  (Def.'s Mot. to Dismiss, Ex. D ("Notice of Lis Pendens and Notice of Action Pending"), Dkt. [6-2] at 16 of 16.)

enforceable security interest." (Id. ¶ 20.)  Relatedly, Plaintiff alleges that she never originated a loan with Defendant or with MERS, and therefore that Defendant "Lacks Capacity to foreclose." (Id. ¶¶ 11-13.)  Second, Plaintiff alleges that the Assignment between MERS and Defendant is "defective" and resulted in "defective title." (Id. ¶¶ 25-26.)  Plaintiff contends the Assignment was "defective" because it was executed by C. Troy Crouse, who was, at the time of the Assignment, both an "attorney employed by McCaller, Raymer, LLC [sic] and a [sic] employee of MERS which create [sic] a conflict of interest." (Id. ¶¶ 25-27.)  Finally, Plaintiff purports to raise a claim under Uniform Commercial Code ("UCC") Article 9 based on the allegation that Defendant is not "a real party in interest to the underlying debt obligation" and therefore lacks standing to foreclose. (Id. ¶ 22.)  The Court considers Defendant's Motion to Dismiss as to each of these claims.

## Discussion

### I.   Legal Standard

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).

5

Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant, 187 F.3d at 1273 n.1. However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

6

Additionally, because Plaintiffs are acting pro se, their "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). Utilizing this framework, the Court considers, in turn, each of the claims raised in Plaintiff's Complaint.

**II.   Analysis**

The Court agrees with Defendant that Plaintiff has failed to state a claim upon which relief can be granted. First, Plaintiff's claim that Defendant "lacked capacity to foreclose" fails because the Security Deed that Plaintiff executed in favor of MERS and that MERS subsequently assigned to Defendant granted Defendant the power to foreclose on the property in the event of Plaintiff's default. (See Defs.' Mot. to Dismiss, Ex. B (Security Deed), Dkt. [6-2] at 7 of 16 (". . . Borrower does hereby grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) *and the successors and assigns of MERS*, with *power of sale*, the following described property located in

7

Newton County, Georgia . . . .") (emphasis added).)  To the extent Plaintiff is challenging the validity of the Assignment, the challenge fails for several reasons.  First, as a stranger to the Assignment contract, Plaintiff lacks standing to challenge it.  See, e.g., Breus v. McGriff, 413 S.E.2d 538, 539 (Ga. Ct. App. 1991) (". . . [S]trangers to the assignment contract . . . have no standing to challenge its validity.").  Second, the Security Deed itself plainly contemplates that it may be assigned, as it conveys to MERS and its "successors and *assigns*" the subject property with power of sale.  (Def.'s Mot. to Dismiss, Ex. B (Security Deed), Dkt. [6-2] at 7 of 16 (emphasis added).)  Accordingly, the real property records refute Plaintiff's claim that Defendant "lacked standing to foreclose."

Second, Plaintiff has failed to state a claim for relief based on the allegation that the Assignment is "defective" because it was executed by an attorney employed by McCalla Raymer, LLC ("McCalla"), who simultaneously served as a Vice President of MERS–a situation that Plaintiff contends created a conflict of interest.  As stated above, because Plaintiff is not a party to the Assignment contract, she lacks standing to challenge its enforceability.  Breus, 413 S.E.2d at 539.  Moreover, Plaintiff has failed to show any support for the

8

assertion that a practicing attorney cannot execute an assignment on behalf of MERS, and the Court has found none.  Plaintiff's claim thus fails.  Finally, Plaintiff has failed to state a claim under Article 9 of the UCC because Article 9 does not apply to security interests in real property, O.C.G.A. § 11-9-109(d)(11), and therefore has no applicability to the facts of this case.

In the light of the Court's finding that Plaintiff has failed to state a claim upon which relief may be granted, there are no allegations demonstrating the existence of an actual controversy; Plaintiff, therefore, is not entitled to a declaratory judgment.  O.C.G.A. § 9-4-2(a) (providing that declaratory judgments may be issued "[i]n cases of actual controversy."); see also Lubin v. Cincinatti Ins. Co., No. 1:09-cv-1156-RWS, 2009 WL 4641765, at *3 (N.D. Ga. Nov. 30, 2009) ("In order to bring a declaratory judgment action an actual controversy must exist.  The issue is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment.") (internal quotation marks and citation omitted).  Finally, Plaintiff is not entitled to an order quieting title as she has failed to satisfy the pleading requirements of Georgia's Quiet Title Act,

9

O.C.G.A. §§ 23-3-61 et seq. In particular, Plaintiff has failed to allege that she currently holds title or prescriptive title. O.C.G.A. § 23-3-61; <u>Dykes Paving & Constr. Co. v. Hawk's Landing Homeowners Ass'n, Inc.</u>, 647 S.E.2d 579, 580 (Ga. 2007). Additionally, the Complaint is not verified, and Plaintiff has failed to file, among other things, a plat of survey of the land to which Plaintiff seeks to quiet title. O.C.G.A. § 23-3-62(b), (c). Because the Complaint fails to state a claim, Plaintiff is not entitled to any other legal or equitable relief.

## Conclusion

In accordance with the foregoing, Defendant's Motion to Dismiss [6] is **GRANTED**. Plaintiff's Complaint accordingly is dismissed with prejudice, and the Clerk is directed to close the case.

**SO ORDERED**, this  14th  day of June, 2012.

*[signature: Richard W. Story]*

**RICHARD W. STORY**
United States District Judge